IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WARDRICK | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. AMD-07-913 |
| CLERK OF MARVIN J. GARBIS | * | |
|     Defendant | | |
| | *** | |

MEMORANDUM

Robert Wardrick ("Wardrick") was sentenced to concurrent 300 and 120 month terms in the U.S. Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal.[1]

Wardrick is confined at the United States Penitentiary at Beaumont, Texas. On April 6, 2007, h filed this 42 U.S.C. § 1983 action, naming the "Clerk of" the Honorable Marvin J. Garbis of this court, who presided over the criminal trial. The complaint seeks release from confinement and damages. The statement of claim reads as follows:

> The "Court's records are in error" and Judge Marvin J. Garbis's Clerk of the United States District of Maryland has refused to correct this error, the Clerk of the Court has already been given time to correct error. Judge Marvin J. Garbis's friends in the courtroom laugh and thought this was funny. Well I am asking that the Court assist me in correction of this error, they thought that this error was true but the Clerk has refused my request.

Paper No. 1 at 4.

---

[1] On August 23, 2004, Judge Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

Because he appears indigent, Wardrick's motion to proceed in *forma pauperis* shall be granted. His complaint shall be dismissed without prejudice. The statement of claims contains no discernible civil rights claim. While Wardrick appears to maintain that this federal court's records contain erroneous information, he does not specify what information is wrong, how he has attempted to correct the errors, and how the information has caused him injury.

Furthermore, Wardrick's request that he be released does not seek to correct the alleged erroneous information. Generally, court clerks enjoy derivative (absolute) immunity from damages when they are acting in obedience to judicial orders or under the court's direction.[2] *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972). Wardrick's allegation appears to involve more than a clerical error. Any action to expunge purported erroneous information on the record would require a judicial order from the court. Therefore, based upon the limited facts here, the named defendant may be entitled to absolute judicial immunity. In any event, Wardrick's complaint fails to state a claim.

For the aforementioned reasons, this action shall be dismissed without prejudice  A separate order follows.

Date: April 25, 2007

/s/
Andre M. Davis
United States District Judge

---

[2] This immunity does not apply in the performance of a clerk's ministerial duties. *See McCray*, 456 F.2d at 3-4 (court clerk's negligence in impeding the filing of a petition). A clerk's clerical duties are generally classified as ministerial. *Id*.